

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

November 1, 2024

Wesley P. Page
Federal Public Defender's Office
300 Virginia Street East, Room 3400
Charleston, WV 25301

   Re: United States v. Terry Randall Hinkle
      Criminal No. 2:24-cr-00110 (USDC SDWV)

Dear Mr. Page:

  This will confirm our conversations with regard to your client, Terry Randall Hinkle (hereinafter "Mr. Hinkle"). As a result of these conversations, it is agreed by and between the United States and Mr. Hinkle as follows:

  1. **PENDING CHARGES.** Mr. Hinkle is charged in a four-count indictment as follows:

   (a) Count One charges Mr. Hinkle with a violation of 18 U.S.C. § 2251(a) (production of child pornography);

   (b) Count Two charges Mr. Hinkle with a violation of 18 U.S.C. § 2252A(a)(2) (distribution of child pornography);

   (c) Count Three charges Mr. Hinkle with a violation of 18 U.S.C. § 2252A(a)(2) (receipt of child pornography); and

   (d) Count Four charges Mr. Hinkle with a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of prepubescent child pornography).

  2. **RESOLUTION OF CHARGES.** Mr. Hinkle will plead guilty to

_TH_
Defendant's Initials

Wesley P. Page
November 1, 2024                               Re: Terry Randall Hinkle
Page 2

Count Three of said indictment, which charges him with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Following final disposition, the United States will move the Court to dismiss Counts One, Two, and Four in Criminal No. 2:24-cr-00110 as to Mr. Hinkle.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Hinkle will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of 5 to 20 years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of five years to life;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Hinkle has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Hinkle agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Hinkle understands that the Court shall order restitution to the victims in this case for full amount of the victims' losses, if any. Mr. Hinkle further agrees to pay such restitution, with

                                        *T H*
                                      Defendant's Initials

Wesley P. Page  
November 1, 2024                          Re: Terry Randall Hinkle  
Page 3

interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Hinkle further agrees as follows:

  (a)  Mr. Hinkle agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

  (b)  Mr. Hinkle will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

  (c)  Mr. Hinkle agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

  (d)  Mr. Hinkle agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

  (e)  Mr. Hinkle agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Hinkle to pay a greater or lesser sum of restitution in accordance with law.

*TH*  
Defendant's Initials

Wesley P. Page  
November 1, 2024                              Re: Terry Randall Hinkle  
Page 4  

6. **ABANDONMENT OF PROPERTY.** Mr. Hinkle hereby agrees to release, relinquish, waive or abandon to the United States or to the state of West Virginia any and all right, title and interest he may have in certain items, that is, one (1) Samsung Galaxy cell phone, IMEI Number 353689105754314, seized from him on January 10, 2024. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Hinkle authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Hinkle agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Hinkle further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Hinkle authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Hinkle shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the

_TH_  
Defendant's Initials

Wesley P. Page  
November 1, 2024                   Re: Terry Randall Hinkle  
Page 5

court ordered restitution or fine.

    Mr. Hinkle agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

    8.    **COOPERATION.**  Mr. Hinkle will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Hinkle may have counsel present except when appearing before a grand jury.

    9.    **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Hinkle, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    10.    **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Hinkle for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Hinkle for perjury or false statement if such a situation should occur pursuant to this agreement.

_____  
Defendant's Initials

Wesley P. Page
November 1, 2024                           Re: Terry Randall Hinkle
Page 6

    11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Hinkle stipulate and agree that the facts comprising the offense of conviction and some, but not all, relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Hinkle agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Hinkle or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Hinkle knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Hinkle understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Hinkle agree that the following provisions of the United States Sentencing Guidelines apply to this case.

_TH_
Defendant's Initials

USSG §2G2.2

| | |
|---|---|
| Base Offense Level | 22 |
| Prepubescent Minors | + 2 |
| Distribution | + 2 |
| Use of Computer | + 2 |
| More than 600 images | + 5 |

The United States and Mr. Hinkle reserve the right to address whether the enhancement under USSG §2G2.2(b)(4) and/or the cross reference under USSG §2G2.2(c)(1) are applicable. The United States and Mr. Hinkle further acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Hinkle knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742. Mr. Hinkle also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2252A(a)(2)) is unconstitutional, and (2) Mr. Hinkle's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2252A(a)(2). Mr. Hinkle may appeal the following:

 (a) a sentence that exceeds the maximum penalty prescribed by statute; and

_TH_
Defendant's Initials

    (b)   a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except:

    (a)   a sentence that is below the minimum penalty, if any, prescribed by statute; and

    (b)   The United States may appeal a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Hinkle also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Hinkle knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

*TH*
_____
Defendant's Initials

Wesley P. Page  
November 1, 2024                                  Re: Terry Randall Hinkle  
Page 9

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    15. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Hinkle understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Hinkle understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Hinkle further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Hinkle understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    16. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Hinkle;

_____  
Defendant's Initials

Wesley P. Page
November 1, 2024                          Re: Terry Randall Hinkle
Page 10

    (f)   Advise the Court concerning the nature and extent of Mr. Hinkle's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Hinkle's acceptance of responsibility.

    17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Hinkle violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Hinkle in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Hinkle in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                   WILLIAM S. THOMPSON
                                   United States Attorney

                  By: *[signature]*
                                   Jennifer Rada Herrald
                                   Assistant United States Attorney

                                                     *TH*
                                                    _____
                                                     Defendant's Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
Terry Randall Hinkle                     11/5/24
Defendant                                Date Signed

_____          _____
Wesley P. Page                           11/5/24
Counsel for Defendant                    Date Signed


                                                     _____
                                                     TH
                                                     Defendant's
                                                     Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:24-cr-00110

TERRY RANDALL HINKLE

### STIPULATION OF FACTS

The United States and Terry Randall Hinkle (hereinafter "I," "me," or "my") stipulate and agree that the facts comprising the offense of conviction (Count Three of the Indictment), and some, but not all, relevant conduct include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On or about August 30, 2023, at or near Delbarton, Mingo County, West Virginia, I knowingly received multiple images of child pornography via Facebook by another user, "Ivelin." The images depicted nude prepubescent females with their legs spread to display their genitals. As I received these images via Facebook message, these images had been transported in interstate commerce via the Internet.

In another Facebook message, I sent another Facebook user an image on or about September 25, 2023, depicting a nude minor female with her legs spread to expose her genitals. The image had a caption on it that stated "lizet 12 anos," and I am aware that "12 anos" is Spanish for "12 years."

In total, I possessed approximately 24 videos and 46 images depicting child pornography.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the offense of conviction (Count Three of the Indictment).

**PLEA AGREEMENT EXHIBIT A**

Stipulated and agreed to:

_____        11/5/24
TERRY RANDALL HINKLE                   Date
Defendant

_____        11/5/24
WESLEY P. PAGE, ESQ.                   Date
Counsel for Defendant

_____        11/6/24
JENNIFER RADA HERRALD                  Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2